Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> GUANGZHOU ALPACA HOME FURNISHING CO., LTD. d/b/a XIRSSVY US; GUANGZHOU KEDUOQING TECHNOLOGY CO., LTD. d/b/a GOTOCHEER US; JIEYANG BAOPENG TRADING CO., LTD. d/b/a BAOPENG-US; and ZHIJIANG CONGJUAN TRADING CO., LTD. d/b/a MAIBUL US <br><br> *Defendants* | **CIVIL ACTION NO.:** <br><br><br> **COMPLAINT** <br><br> **Jury Trial Requested** <br><br> **FILED UNDER SEAL** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | Guangzhou Alpaca Home Furnishing Co., Ltd. d/b/a Xirssvy us; Guangzhou Keduoqing Technology Co., Ltd. d/b/a Gotocheer US; Jieyang Baopeng Trading Co., Ltd. d/b/a Baopeng-US; and Zhijiang Congjuan Trading Co., Ltd. d/b/a MAibuL US |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Application** | Plaintiff's forthcoming *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts (as defined *infra*), Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Pocket Hose Products** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off, sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Infringing Products** | Expandable and contractible hoses that infringe the Pocket Hose Patent |
| **Infringing Listings** | Defendants' listings for Infringing Products |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, and/or their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefront(s)** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or |

i

| Term | Definition |
|---|---|
| | otherwise deal in Infringing Products on Amazon, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

Plaintiff, a corporation organized and existing under the laws of the State of New Jersey, alleges as follows:[1]

## NATURE OF THE ACTION

1. This action involves claims for patent infringement under 35 U.S.C. §§ 271 *et seq*. arising from Defendants' infringement of the Pocket Hose Patent, including, without limitation, by manufacturing, advertising, marketing, promoting, distributing, making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, of unlicensed Infringing Products that copy the Pocket Hose Products and infringe the Pocket Hose Patent.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 28 U.S.C. § 1338(a) as an action arising out of violations of the Patent Act; pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3. Personal jurisdiction exists over Defendants in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenues from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal infringing actions caused injury to Plaintiff in New York such that Defendants should reasonably expect such actions to have consequences in New York. For example:

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary.

a. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Amazon, through which consumers in the U.S., including New York, can view Defendants' Merchant Storefront that Defendants operate, use to communicate with consumers regarding their Infringing Listings and to place orders for, receive invoices for, and purchase Infringing Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b. Upon information and belief, Defendants are sophisticated sellers, operating commercial businesses using their Merchant Storefront to manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in products, including Infringing Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c. Upon information and belief, Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York, and specifically to the New York Address.

d. Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing Products.

e. Upon information and belief, Defendants are aware of Plaintiff, its Pocket Hose Products and the Pocket Hose Patent and is aware that their illegal, infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York.

4.      Venue is proper within this judicial district, *inter alia*, pursuant to 28 U.S.C. § 1400 and/or 28 U.S.C. § 1391, given that Defendants regularly conduct business in this judicial district and/or have committed the infringing and illegal acts, as set forth herein, in this judicial district..

## THE PARTIES

5.      Plaintiff is a New Jersey corporation with a principal place of business at 79 Two Bridges Road, Fairfield, New Jersey, 07004.

6.      Upon information and belief, Defendant Guangzhou Alpaca Home Furnishing Co., Ltd. d/b/a Xirssvy us is a merchant on Amazon, through which it offers for sale and/or sells Infringing Products, which lists an address of 天河区新塘田头岗二路2号, 1栋2楼2378, 广州市, 广东 510800 China on its Merchant Storefront.

7.      Upon information and belief, Defendant Guangzhou Keduoqing Technology Co., Ltd. d/b/a Gotocheer US is a merchant on Amazon, through which it offers for sale and/or sells Infringing Products, which lists an address of 番禺区南村镇市新公路北段103号, 2栋301房A608, 广州市, 广东 511400 China on its Merchant Storefront.

8.      Upon information and belief, Defendant Jieyang Baopeng Trading Co., Ltd. d/b/a Baopeng-US is a merchant on Amazon, through which it offers for sale and/or sells Infringing Products, which lists an address of 天福东路仁辉路段, 空港经济区, 揭阳市, 广东省 522000 China on its Merchant Storefront.

9.      Upon information and belief, Defendant Zhijiang Congjuan Trading Co., Ltd. d/b/a MAibuL US is a merchant on Amazon, through which it offers for sale and/or sells Infringing Products, which lists an address of 湖南省湘潭市岳塘区, 下摄司街道256号, 湘潭市, 湖南 411100 China on its Merchant Storefront.

**GENERAL ALLEGATIONS**

**Telebrands' Innovative Pocket Hose Products**

10. Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products, and the original creator of the "As Seen On TV" products that Plaintiff promotes and sells throughout the United States and the world.

11. One of Plaintiff's most popular products is its line of Pocket Hose Products sold under the trademark POCKET HOSE® and other related marks.

12. The Pocket Hose Products include a line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressurized water is introduced into the hoses and contract when the water is turned off. The Pocket Hose Products have expanded to include several varieties and lengths, including the Copper Bullet, Silver Bullet, and Marine Pocket Hose Products.

13. Plaintiff's Pocket Hose Products have achieved great success since their introduction in or about October 2012. At the time, the Pocket Hose Products represented a shift towards convenience and efficiency in garden maintenance.

14. Telebrands promotes and sells the Pocket Hose Products through national direct response television commercials, as well as at the retail level at well-known retail and wholesale outlets, such as Walmart and Home Depot, which have locations in New York. In addition, Telebrands promotes, offers for sale and sells its Pocket Hose Products through Plaintiff's website, its retail customers' websites, as well as Plaintiff's storefront on Amazon.

15. The Pocket Hose Products typically retail for between $29.99 - $109.99.

16. Telebrands is the owner of all intellectual property rights relating to the Pocket Hose Products.

17. Relevant to the instant action, Telebrands is the owner of the Pocket Hose Patent

4

(i.e., U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose."). Attached hereto as **Exhibit A** is a true and correct copy of the Pocket Hose Patent.

18.    The Pocket Hose Patent claims a hose that automatically expands longitudinally and automatically expands laterally upon the application of a pressurized liquid and automatically contracts to a contracted condition upon the release of the pressurized liquid, an example of which is shown below.



19.    Telebrands is the lawful owner of all right, title, and interest in and to the Pocket Hose Patent.

20.    No one other than Plaintiff and its authorized sellers are allowed to manufacture, import, export, advertise, offer for sale and sell the patented Pocket Hose Products, without the express permission of Plaintiff.

**Defendants' Wrongful and Infringing Conduct**

21.    Unsurprisingly, the success of Telebrands' innovative Pocket Hose Products attracted not just a loyal customer base, but also unscrupulous individuals and entities seeking to profit and capitalize on the fruits of Telebrands' innovation, as well as the goodwill, reputation, and fame that Plaintiff has amassed.

22.    Plaintiff has gone to great lengths to protect its interests and enforce against

5

infringement of the Pocket Hose Patent and therefore, investigates and enforces against such activities.

23. Plaintiff recently learned of Defendants and their Infringing Products through Plaintiff's investigative efforts.

24. As shown in the screenshots of some of Defendants' Infringing Listings on Defendants' Merchant Storefronts,[2] which are attached hereto as **Exhibit B**, as well as the claim chart attached hereto as **Exhibit C**, the Infringing Products are all expandable and contractable garden hose systems because they include the ability to expand up to three times the original length upon the presence of pressurized water, as claimed in the Pocket Hose Patent.

25. Plaintiff placed orders from each of the four (4) Defendants for the Infringing Products via Defendants' Infringing Listings on Amazon, which were shipped by Defendants, and received by Plaintiff's counsel, in New York, New York. Attached hereto as **Exhibit D** are partially redacted receipts for Plaintiff's test buys, which were shipped to, and received by, Epstein Drangel.

26. As evidenced by **Exhibits B-D**, Defendants are currently offering for sale, or have recently offered for sale, the same Infringing Products through Defendants' Merchant Storefronts, accept payment for Infringing Products in U.S. Dollars, and provide shipping, and have each actually shipped, Infringing Products to the U.S., including to customers located in New York.

27. Moreover, that Defendants are offering for sale and/or selling the same Infringing Products is further evidenced by the below true and correct photograph of the test buys received

---

[2] Screenshots of Defendant Guangzhou Alpaca Home Furnishing Co., Ltd.d/b/a Xirssvy us' and Defendant Jieyang Baopeng Trading Co., Ltd. d/b/a Baopeng-US's Infringing Listings are attached as Exhibit B. During the pendency of the drafting of the instant Complaint, Guangzhou Keduoqing Technology Co., Ltd. d/b/a Gotocheer US and Zhijiang Congjuan Trading Co., Ltd. d/b/a MAibuL US removed the Infringing Listings, and as such, Plaintiff was unable to take screenshots thereof.

6

by Epstein Drangel:



28.     Not only is the packaging and internal contents (with the exception of size and color of each hose) identical, but also, each of the Infringing Products includes the same packaging insert, true and correct parts of which are depicted on the claim chart attached as **Exhibit C**.

29.     Defendants were on constructive notice of the Pocket Hose Patent by Plaintiff's marking of its patented Pocket Hose Products at least as early as November 13, 2022.

30.     Upon information and belief, prior to bringing this action, Defendants had knowledge of Plaintiff's ownership of the Pocket Hose Patent, of the fame, popularity and success of the Pocket Hose Products, and willfully chose to offer for sale and continue selling Infringing Products. Defendants have been engaging in the infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights.

31.     As a direct and proximate consequence of Defendants' infringement of the Pocket Hose Patent, Plaintiff has suffered irreparable harm, and Defendants have unjustly profited from

7

such activities at Plaintiff's expense. Plaintiff will continue to suffer irreparable harm in the future unless Defendants are enjoined from infringing the Pocket Hose Patent.

32. Plaintiff has been forced to file this action to combat the harm to its business caused by Defendants' infringement of the Pocket Hose Patent, as well as to protect unknowing consumers from purchasing the Infringing Products sold by Defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Infringement of United States Patent No. 9,581,272)
[35 U.S.C. § 271]

33. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34. On February 28, 2017, the Pocket Hose Patent, entitled "Garden Hose," was duly and legally issued to inventor Michael J. Berardi by the United States Patent and Trademark Office. Subsequently, following assignments to Telebrands, Telebrands became the lawful owner by assignment of all right, title, and interest in the Pocket Hose Patent, including the rights to exclude others and to sue and recover damages for infringement. A true and correct copy of the Pocket Hose Patent is attached hereto in **Exhibit A**.

35. Without Plaintiff's authorization or consent, and with knowledge of Plaintiff's well-known and prior rights in the Pocket Hose Patent, Defendants intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, offered for sale and/or sold their Infringing Products to the purchasing public in direct competition with Plaintiff, and have acted with reckless disregard of Plaintiff's rights in and to the Pocket Hose Patent through such activities.

36. Defendants' Infringing Products meet each and every limitation of at least claim 13 of the '272 patent, literally and/or under the doctrine of equivalents, as shown in **Exhibit C**.

For example, the Infringing Products are advertised include an outer tube and a substantially hollow elastic inner tube. The inner and outer tubes are attached to male and female couplers on their ends. The inner tube expands longitudinally and laterally when water under pressure is introduced. A flow restrictor varies the restriction of the water under pressure that is released from the hose to maintain the hose in an expanded condition. The outer tube contracts when the water under pressure is removed from the hose, in which the outer tube catches on the inner tube to contract, as also shown in **Exhibit C**.

37. Defendants' acts of infringement of the Pocket Hose Patent were and are undertaken without authority, permission, or license from Telebrands. Defendants' infringing activities therefore violate 35 U.S.C. § 271.

38. As a direct and proximate consequence of Defendants' infringement of the Pocket Hose Patent, Defendants have caused substantial monetary loss and irreparable harm and damage to Telebrands, its business, its reputation and impairment of its valuable rights in and to the Pocket Hose Patent. Plaintiff has no adequate remedy at law and, unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff through infringement of Telebrands' rights to the Pocket Hose Patent.

39. Based on Defendants' actions as alleged herein, Defendants have had actual knowledge of the Pocket Hose Patent and their infringement thereof and did nothing to stop their blatant use, copying, and infringement of Telebrands' intellectual property rights. Accordingly, Defendants' infringement of the Pocket Hose Patent is willful and Plaintiff is entitled to treble damages as provided by 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

A. A judgment that Defendants' acts constitute patent infringement under the causes of action asserted in this Complaint;

B. An order preliminarily, and a judgment permanently, enjoining and restraining Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with Defendants, from:

    i. infringing any claim of the Pocket Hose Patent; and

    ii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C. A judgment requiring Defendants to, at Defendants' expense, withdraw from the market, account for, and properly destroy any and all Infringing Products;

D. A judgment requiring that Defendants pay Telebrands all of its damages caused by Defendants' unlawful acts, including under 35 U.S.C. § 284, with prejudgment and post-judgment interest, as well as post-trial damages for any ongoing infringing acts;

E. A judgment awarding Telebrands its reasonable attorneys' fees, costs, disbursements, and interest, as provided by law, including as provided by 35 U.S.C. § 285;

F. A judgment that Defendants' infringement has been willful, and ordering Defendants to pay treble damages as provided by law; and

G. Such other relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims so triable.

Dated: May 1, 2025

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: _____
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*