UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., *Plaintiff* v. GUANGZHOU ALPACA HOME FURNISHING CO., LTD. d/b/a XIRSSVY US; GUANGZHOU KEDUOQING TECHNOLOGY CO., LTD. d/b/a GOTOCHEER US; JIEYANG BAOPENG TRADING CO., LTD. d/b/a BAOPENG-US; and ZHIJIANG CONGJUAN TRADING CO., LTD. d/b/a MAIBUL US *Defendants* | **CIVIL ACTION NO.: 25-cv-3646 (JAV)** **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' USER ACCOUNTS, MERCHANT STOREFRONTS AND ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** **FILED UNDER SEAL** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | Guangzhou Alpaca Home Furnishing Co., Ltd.d/b/a Xirssvy us; Guangzhou Keduoqing Technology Co., Ltd. d/b/a Gotocheer US; Jieyang Baopeng Trading Co., Ltd. d/b/a Baopeng-US; and Zhijiang Congjuan Trading Co., Ltd. d/b/a MAibuL US |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts (as defined *infra*), Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Quilla Dec.** | Declaration of Peter Quilla In Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel In Support of Plaintiff's Application |
| **Pocket Hose Products** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off, sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Infringing Products** | Expandable and contractible hoses that infringe the Pocket Hose Patent |
| **Infringing Listings** | Defendants' listings for Infringing Products |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online |

| Term | Definition |
|---|---|
|  | marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts, Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products.[1] Having reviewed the Application, Declarations of Peter Quilla, and Jason M. Drangel, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff is a developer, producer, marketer, and distributor of consumer products, and the original creator of the "As Seen On TV" products that Plaintiff promotes and sells throughout the United States and the world.

2. One of Plaintiff's most popular products is its line of Pocket Hose Products sold under the trademark POCKET HOSE® and other related marks.

3. The Pocket Hose Products include a line of patented, tear-resistant, kink-free garden hoses, which come pocket-sized in length, and expand in size when the water is turned on and contract when the water is turned off. The Pocket Hose Products have expanded to include several varieties and lengths, including the Copper Bullet, Silver Bullet, and Marine Pocket Hose Products.

4. Telebrands promotes and sells the Pocket Hose Products through national direct response television commercials, as well as at the retail level at well-known retail and wholesale outlets, such as Walmart and Home Depot, which have locations in New York. In addition,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Telebrands promotes, offers for sale and sells its Pocket Hose System through Plaintiff's website, its retail customers' websites, as well as Plaintiff's storefront on Amazon.

5. The Pocket Hose Products typically retail for between $29.99 - $109.99.

6. Telebrands is the owner of all intellectual property rights in connection with the Pocket Hose Products.

7. For example, Telebrands is the owner of U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose."

8. The Pocket Hose Patent claims a hose that automatically expands longitudinally and laterally upon the application of a pressurized liquid and automatically contracts to a contracted condition upon the release of the pressurized liquid.

9. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, making, offering for sale and/or selling Infringing Products through Defendants' Merchant Storefronts and User Accounts.

10. Defendants are not, nor have any of them ever been, authorized distributors or licensees of the patented Pocket Hose Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Pocket Hose Patent.

11. Plaintiff is likely to prevail on its Patent Act claim at trial.

12. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

    a. Defendants have offered for sale and sold substandard Infringing Products in the United States that infringe the Pocket Hose Patent;

b. Plaintiff has well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Pocket Hose Products; and

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Infringing Products or other goods that infringe the Pocket Hose Patent, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products or other goods infringing the Pocket Hose Patent, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products or other goods infringing the Pocket Hose Patent and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefronts under new or different names and continue to offer for sale and sell Infringing Products with little to no consequence.

13. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in

3

and associated with the Pocket Hose Patent and to its reputation if a temporary restraining order is not issued.

14. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Pocket Hose Patent, and to protect the public from being deceived and defrauded by Defendants' Infringing Products.

15. Plaintiff has not publicized its request for a temporary restraining order in any way.

16. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

17. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products or other goods infringing the Pocket Hose Patent. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' User Accounts and Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

18. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or sale of Infringing Products.

4

Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, are hereby restrained and enjoined from engaging in any of the following acts or omissions for twenty-eight (28) days[2] from the date of this order, and for such further period as may be provided by order of the Court:

1)   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Pocket Hose Patent;

2)   directly or indirectly infringing in any manner Plaintiff's Pocket Hose Patent;

3)   making, using, selling, importing and/or offering to sell products that infringe the Pocket Hose Patent;

4)   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts, Merchant Storefronts or Defendants' Assets and the

---

[2] The Court finds, pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, that good cause exists to extend this temporary restraining order because, in the Court's experience, service in this type of case is complex and unlikely to be effectuated within fourteen days.

        manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

5) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

6) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6) above and I(B)(1) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for twenty-eight (28) days from the date of this order, and for such further period as may be provided by order of this Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court; and

2) instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(5), I(B)(1) above and I(C)(1) below, including, without limitation, by providing services

necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for twenty-eight (28) days from the date of this order, and for such further period as may be provided by order of this Court:

1) instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(5), I(B)(1) and I(C)(1) above.

## II.   Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 14D of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on **Thursday, May 22, 2025, at 12:00 p.m.** or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before **Monday, May 19, 2025**. Plaintiff shall file any Reply papers on or before **Thursday, May 22, 2025**.

7

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

D. IT IS FURTHER ORDERED that Plaintiff shall file a status letter with updates and proposed steps no later than **July 7, 2025**, and every sixty days thereafter, until the Court orders otherwise.

### III.     Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.     Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to that pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), as sufficient cause has been shown, that service may be made on, and shall be deemed effective if it is completed by the following means:

1)    delivery of: (i) a PDF copy of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via

website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail address(es) to be determined after having been identified by Amazon pursuant to **Paragraph V(C)**.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

### V. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each of the Defendants shall serve upon Plaintiff's counsel a written report under oath providing:

   a. its true name and physical address;

   b. the name and location and URL of any and all websites that Defendant owns and/or operates and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendant owns and/or operates;

10

      c.   the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

      d.   the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

      e.   the steps taken by Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants in their responses to the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account

11

numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefront(s), and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    a.  account numbers;

    b.  current account balances;

    c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefront, including, but not limited to, names, addresses and contact information;

    d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business

      entity, any and all business documents provided for the opening of each of Defendants' Financial Accounts;

    e. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    a. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all of Defendants' User Accounts and Defendants' Merchant Storefront(s) that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

13

    b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

    c. the nature of Defendants' business(es) and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefront, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with User Accounts and Defendants' Merchant Storefronts; and

    d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Pocket Hose Patent.

## VI. Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of twenty-five thousand Dollars ($25,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII. Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Peter Quilla, and Jason M. Drangel in support thereof and exhibits attached thereto, and this Order shall remain sealed until further order of this Court.

B.  IT IS FURTHER ORDERED that Plaintiff shall file a letter regarding the continuing need for sealing when (1) there is no longer a need to keep the matter under seal or (2) within fourteen days, whichever is earlier.

**SO ORDERED.**

SIGNED this 7th day of May, 2025, at 5:45 p.m.

                                        HON. JEANNETTE A. VARGAS
                                        UNITED STATES DISTRICT JUDGE