UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                           **SEALED**

TELEBRANDS CORP.,

                           Plaintiff,                          25-CV-3646 (JAV)

                      -v-                                      <u>ORDER</u>

GUANGZHOU ALPACA HOME FURNISHING CO.,
LTD. d/b/a XIRSSVY US; GUANGZHOU
KEDUOQING TECHNOLOGY CO., LTD. d/b/a
GOTOCHEER US; JIEYANG BAOPENG TRADING
CO., LTD. d/b/a BAOPENG-US; and ZHIJIANG
CONGJUAN TRADING CO., LTD. d/b/a MAIBUL US,

                       Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On May 22, 2025, Defendant Guangzhou Keduoqing Technology Co., Ltd. ("KDQ") requested that the show cause hearing scheduled for May 29, 2025, regarding Plaintiff Telebrands Corp.'s request for a preliminary injunction be conducted as an evidentiary hearing. KDQ further requested that the Court mandate that Plaintiff's witnesses who had submitted declarations in support of its *ex parte* motion for a Temporary Restraining Order attend the hearing in person to provide live testimony and undergo cross-examination.

       That same day, Plaintiff submitted a letter opposing KDQ's request for an evidentiary hearing. Plaintiff further opposed the request that its declarants, Jason Drangel and Peter Quilla, be compelled to provide live testimony and undergo cross-examination. Plaintiff suggests that it is "highly inappropriate" for counsel of record to testify at a hearing at which that counsel will be representing the plaintiff.

       A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008), and Plaintiff must make the requisite showing for such a

remedy, especially when *ex parte* relief has been granted pursuant to Fed R. Civ. P. Rule 65, *see Spin Master v. Aciper,* 2020 WL 6482878, at *4 (S.D.N.Y. Nov. 4, 2020). For a motion for preliminary injunction, where a party disputes "essential facts," the Court must hold an evidentiary hearing and "appropriate findings of fact must be made." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stucco Sys., LLC*, 289 F. Supp. 3d 457, 463 (S.D.N.Y. 2018) (cleaned up); *see also Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) (in connection with a preliminary injunction hearing, a party "is not entitled to have the court accept its untested representations as true if they are disputed"). Here, KDQ disputes the essential facts of Plaintiff's allegations regarding, *inter alia*, irreparable harm and whether KDQ's products meets every element of Claim 13 of Plaintiff's asserted patent. Further, KDQ contends that Plaintiff has failed to show the necessity of the continued asset restraint. Accordingly, KDQ's request for an evidentiary hearing is GRANTED.

The Court will not dictate which witnesses Plaintiff must call in support of its motion at the scheduled hearing. To the extent that Plaintiff intends to rely upon the declarations of Jason Drangel and Peter Quilla in support of their motion for a preliminary injunction, however, those witnesses must be available in person at the evidentiary hearing and be subject to cross-examination. The witnesses can either adopt their declarations as their direct testimony, or they can provide direct testimony. If Plaintiff no longer intends to rely on those declarations, Plaintiff can withdraw the declarations and those witnesses need not testify at the preliminary injunction hearing.

The Court rejects Plaintiff's suggestion that its counsel can provide substantive testimony in support of Plaintiff's motion yet be immunized from cross-examination due to their status as counsel. Plaintiff is not required to rely upon counsel as a fact witness in its case, but if it elects

to do so, then that witness must be subjected to cross-examination on any points on which he provides testimony. Compelling counsel on record to provide testimony is not "categorically barred," *Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y. 2001), especially where the "necessity for such discovery in the circumstances of the case" outweighs the "potential to oppress the adverse party," *id.* (quoting *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990)). Furthermore, Plaintiff expressly made its counsel a declarant, so it cannot now avoid making its own declarant available as a witness in the evidentiary hearing. *See Calvin Klein Trademark Trust v. WSachner*, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000) (finding no chill on the provision of legal advice where lawyer's testimony was "limited to what he was expressly authorized by the client to publicly disclosure" as "hold[ing] otherwise would . . . be tantamount to immunizing lawyers from ever being disposed as fact witnesses to public events involving their clients"). Counsel may object to the extent any inquiries go beyond the subject matter areas in the declaration and into privileged discussions.

Accordingly, each party must exchange (1) the list of witnesses it may wish to call during the evidentiary hearing and (2) copies of all marked exhibits that the parties may seek to introduce into evidence (barring exhibits used solely for the purpose of impeachment) to all other parties by 5 P.M. on **Wednesday, May 28, 2025**. Any opposition briefs should be submitted to the Court and served upon Plaintiff's counsel via email by **Tuesday, May 27, 2025**. Any reply papers should be submitted to the Court and served upon all counsel via email by **Wednesday, May 28, 2025.**

The hearing on Plaintiff's motion for a preliminary injunction shall be held in Courtroom 14C of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, New York on **Thursday, May 29, 2025, at 3:00 P.M.**

If parties seek the unsealing of this case, a proposed unsealing order should be promptly submitted to the Court.

Plaintiffs are ORDERED to serve all Defendants with a copy of this Order by electronic means.

SO ORDERED.

Dated: May 23, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge