UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., *Plaintiff* v. GUANGZHOU ALPACA HOME FURNISHING CO., LTD. d/b/a XIRSSVY US; GUANGZHOU KEDUOQING TECHNOLOGY CO., LTD. d/b/a GOTOCHEER US; JIEYANG BAOPENG TRADING CO., LTD. d/b/a BAOPENG-US; and ZHIJIANG CONGJUAN TRADING CO., LTD. d/b/a MAIBUL US, *Defendants* | **25-cv-3646 (JAV)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | Guangzhou Alpaca Home Furnishing Co., Ltd. d/b/a Xirssvy us; Guangzhou Keduoqing Technology Co., Ltd. d/b/a Gotocheer US; Jieyang Baopeng Trading Co., Ltd. d/b/a Baopeng-US; and Zhijiang Congjuan Trading Co., Ltd. d/b/a MAibuL US |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts (as defined *infra*), Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Quilla Dec.** | Declaration of Peter Quilla in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Pocket Hose Products** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off, sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Infringing Products** | Expandable and contractible hoses that infringe the Pocket Hose Patent |
| **Infringing Listings** | Defendants' listings for Infringing Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, |

i

| | their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

For the reasons set forth in the Court's Opinion dated June 5, 2025, the Court hereby ORDERS as follows:

1. The Temporary Restraining Order signed by the Court on May 7, 2025 (ECF No. 35) ("TRO") is hereby vacated and dissolved.

2. Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Pocket Hose Patent;

    ii. directly or indirectly infringing in any manner Plaintiff's Pocket Hose Patent;

    iii. making, using, selling, importing and/or offering to sell products that infringe the Pocket Hose Patent;

    iv. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

    v. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront

        or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    vi. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 2(i) through 2(v) above.

3. Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from instructing, aiding or abetting Defendants and/or any other person or business entity from engaging in any of the activities referred to in subparagraph 2 pending the final hearing and determination of this action or until further order of the Court. For the avoidance of doubt, nothing in this order requires Third Party Service Providers, including Amazon, to suspend or otherwise shut down the entire online storefront of the named Defendants. Additionally, nothing in this Order prohibits any of the Defendants from continued advertising, marketing, promoting, distributing, offering for sale or selling any products other than the Infringing Products.

4. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days

of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions

    associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Pocket Hose Patent.

5. As sufficient cause has been shown, and pursuant to Rule 4(f) of the Federal Rules of Civil procedure, and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), that service of this Opinion may be made on, and shall be deemed effective as to Defendants that have not appeared in this litigation if it is completed by the following means:

 a) delivery of: (i) a PDF copy of the Opinion and Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Amazon pursuant to **Paragraph V(C)** of the TRO.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

 a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure

    website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

11. Plaintiff shall file a status letter with the Court no later than August 5, 2025, and every sixty days thereafter until the Court orders otherwise.

**SO ORDERED.**

Date: June 5, 2025
       New York, New York

_____
HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

7