UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TELEBRANDS CORP.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 25-cv-3646 (JAV) |
| **GUANGZHOU ALPACA HOME FURNISHING CO., LTD. d/b/a XIRSSVY US; GUANGZHOU KEDUOQING TECHNOLOGY CO., LTD. d/b/a GOTOCHEER US; JIEYANG BAOPENG TRADING CO., LTD. d/b/a BAOPENG-US; and ZHIJIANG CONGJUAN TRADING CO., LTD. d/b/a MAIBUL US,** | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. Alternatively, if the parties cannot resolve their disagreements regarding these modifications, the parties shall submit the dispute to the Court in accordance with Rule 37 of the Federal Rules of Civil Procedure and Rules 37.1 and 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules").

3. Costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. A party's nonresponsive or dilatory discovery tactics are

cost-shifting considerations. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. After the parties have met and conferred about document requests and objections thereto, or at a later time if agreed to by the parties, the parties shall meet and confer about, among other items, (a) custodians of relevant documents and/or ESI, (b) non-custodial data sources (*e.g.* shared drives, databases, document management systems, e-rooms, email etc.), (c) third-party data sources used by the parties in the normal course of business, if any, likely to contain discoverable ESI (*e.g.* third-party email and/or mobile device providers, "cloud" storage, data hosted for in the possession of vendors or contractors but under the control of a party, etc.), and (d) relevant code names used by employees of the parties.

5. A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control.

6. Absent showing of good cause, the parties shall endeavor to include all of the following or equivalent data fields, to the extent they exist, for general ESI production requests under Federal Rules of Civil Procedure 34 and 45: PRODBEG, PRODEND, PRODBEGATT, PRODENDATT, CUSTODIAN, TO, FROM, CC, BCC, TITLE, EMAILSUBJECT, AUTHOR, FILENAME, FILESIZE, DOCEXT, DATESENT, DATERCVD, DATELASTMOD, DATECREATED, TIMESENT, TIMERCVD, TIMELASTMOD, TIMECREATED, MD5HASH, TEXTPATH, NATIVEPATH, and NATIVELINK (only for natives being produced).

7. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

A. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format with extracted text in TXT format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. Each party has an obligation to provide extracted text for all documents when possible, and OCR text when extracted text is not possible.

C. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. Notwithstanding any other provision here, the parties agree that all electronic spreadsheet files, including but not limited to those in Microsoft Excel format, shall be produced in native format without prior request.

E. **No Backup Restoration Required.** Absent showing of good cause, no party needs to restore any form of media upon which backup data is maintained in the party's normal or allowed processes, including but not limited to backup tapes,

      disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

   F. **Categories of Documents Deemed Not Reasonably Accessible.** Absent a showing of good cause, voicemails, PDAs, mobile phones, instant messages, and messages on social media sites (i.e., Facebook, Twitter, etc.) are deemed not reasonably accessible and need not be collected and preserved.

   G. **On-Site Inspection of Electronic Media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

8. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure of this Court, shall not include e-mail or other forms of electronic correspondence (collectively, "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests:

   A. **Time for Requesting Email Search**. After the parties' initial disclosures, and no later than September 5, 2025, each party may propose particularized email searches to locate discoverable information. Email searches may be proposed later than September 5, 2025 upon a showing that the proposal could not reasonably be made earlier because the other party had not yet produced the core documents from which custodians and search terms could be identified.

   B. **Search Methodology:** Absent agreement of the parties or further order of this Court, the following parameters shall apply to email search requests in addition to those set forth above:

1. Each side shall limit its email search requests to a total of five custodians per party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon a showing of a distinct need based on the size, complexity, and issues of this specific case.

2. Email search requests shall identify the custodian, search terms, and time frame. Each requesting party shall limit its email search requests to a total of five search terms per custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon a showing of a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

    3. To the extent that any proposed email search returns an unreasonably large number (*e.g.*, more than 6,000 documents) of irrelevant, cumulative and/or duplicative documents for review, the producing party may propose modifications to the list of custodians and/or search terms to the proposing party. If after meeting and conferring the parties cannot reach agreement on proposed modifications, the producing party may submit the dispute to the Court.

    4. The fact that any email is captured by the search protocol outlined in the previous paragraphs does not mean that such email is responsive to any propounded document request or otherwise relevant or admissible in this litigation. The parties may review the email search results for responsiveness and privilege, and may withhold documents that are deemed to be non-responsive or privileged, in accordance with their obligations and rights under the Federal Rules of Civil Procedure, the Court's Local Rules, and/or any Order of the Court.

9. **Privilege**

    A. Privilege logs shall contain the following information: Bates Number, document description, privilege description, privilege reason, author, attorney involved, and the date of the privileged communication.

    B. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not, by itself, a waiver in the pending case or in any other federal or state proceeding.

C. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

D. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules, and/or any Order of the Court.

**IT IS SO ORDERED:**

Dated:  August 14, 2025
       New York, New York

_____
**JEANNETTE A. VARGAS**
**United States District Judge**