UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

TELEBRANDS CORP.,                      :

                      :

                Plaintiff,      :

                      :      25-CV-03646 (JAV)

        -v-                    :

                      :      <u>PERMANENT</u>

GUANGZHOU ALPACA HOME FURNISHING CO.,  :  <u>INJUNCTION ORDER</u>
LTD. d/b/a XIRSSVY US; et al.,           :

                      :

               Defendants.    :

                      :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|------|-----------|------------------|
| **Plaintiff or Telebrands** | Telebrands Corp. | N/A |
| **Defendants or Defaulting Defendants** | Guangzhou Alpaca Home Furnishing Co., Ltd. d/b/a Xirssvy us; Guangzhou Keduoqing Technology Co., Ltd. d/b/a Gotocheer US; Jieyang Baopeng Trading Co., Ltd. d/b/a Baopeng-US; and Zhijiang Congjuan Trading Co., Ltd. d/b/a MAibuL US | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **Application** | Plaintiff's forthcoming *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts (as defined *infra*), Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 1 |
| **Pocket Hose Products** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off, sold under the trademark POCKET HOSE® and other related marks | N/A |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" | N/A |
| **Infringing Products** | Expandable and contractible hoses that infringe the Pocket Hose Patent | N/A |
| **Infringing Listings** | Defendants' listings for Infringing Products | N/A |

i

| | | |
|---|---|---|
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, and/or their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefront(s)** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products on Amazon, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants | N/A |
| **Complaint** | Plaintiff's Complaint filed on May 1, 2025 | 28 |
| **Quilla Dec.** | Declaration of Peter Quilla in Support of Plaintiff's Motion for a Preliminary Injunction Order | 33 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Motion for a Preliminary Injunction Order | 34 |
| **PI Order** | The Preliminary Injunction Order entered on June 5, 2025 | 54 |
| **Opinion & Order** | The Opinion & Order entered on June 5, 2025 | 53 |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are | N/A |

ii

| | | |
|---|---|---|
| | hereinafter identified as a result of any order entered in this action, or otherwise | |
| **DJ Motion** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on February 2, 2026 | TBD |
| **Drangel Aff.** | Affidavit by Jason M. Drangel in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' patent infringement claim arising out of Defaulting Defendants' unauthorized use of Plaintiff's Pocket Hose Patent.

The Court has considered the Memorandum of Law and Affidavit of Jason M. Drangel in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and all other pleadings and papers on file in this action. Accordingly, for the reasons set forth in the oral opinion delivered at the hearing held on March 18, 2026:

## I.    **Permanent Injunction**

1) IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defaulting Defendants are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling, and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Pocket Hose Patent;

   B. directly or indirectly infringing in any manner Plaintiff's Pocket Hose Patent;

   C. making, using, selling, importing and/or offering to sell products that infringe the Pocket Hose Patent;

   D. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' User Accounts, Merchant Storefronts or Defaulting

1

Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

E.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

F.  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(1)(A) through I(1)(E) above.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with it who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from instructing, aiding, abetting Defaulting Defendants and/or any other person who business entity from engaging in any of the activities referred to in subparagraph I(1).

3)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with it who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

A.  instructing, aiding, or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(1)(A) through I(1)(D) and I(2) above.

2

## II.    Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

SO ORDERED.

Dated: March 18, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3